UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-80891-CIV-COHN/HUNT

MITCHELL GROSSMAN,

      Plaintiff,

v.

LELAND DUDEK,[1]
Acting Commissioner of Social Security,

      Defendant.

_____/

## ORDER

THIS CAUSE is before this Court on Plaintiff's Unopposed Motion for an Award of Attorneys' Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) ("Motion)". ECF No. 17. Upon thorough review of the Motion, the entire case file, the applicable law, and being otherwise fully advised in the premises, Plaintiff's Motion, ECF No. 17, is GRANTED as set forth below.

## BACKGROUND

Mitchell Grossman ("Plaintiff") initiated this action for judicial review of a final decision of the Commissioner of Social Security on July 22, 2024. ECF No. 1. On November 13, 2024, the undersigned granted Defendant's unopposed Motion to Remand and remanded the case for further proceedings. ECF No. 16. Plaintiff then filed the

---

[1]     Leland Dudek became Acting Commissioner of Social Security on February 16, 2025. Under Fed. R. Civ. P. 25(d), Leland Dudek is substituted as the defendant in this action. *See* 28 U.S.C. § 405(g).

present Motion.   ECF No. 13.   Plaintiff requests attorneys' fees in the amount of $11,552.66 for 46.1 hours of work at an hourly rate of $250.60.   As stated, the Motion is unopposed.

## **DISCUSSION**

"Under EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust." *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV-MATTHEWMAN, 2020 WL 4208042, at *1 (S.D. Fla. July 22, 2020) (citing 28 U.S.C. § 2512(d); *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)).   A social security plaintiff is deemed a prevailing party when obtaining a sentence four remand. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).   The fee petition must allege that Defendant's position was not substantially justified, and, if alleged, Defendant bears the burden to show that it was. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Plaintiff has satisfied all the requirements.   First, Plaintiff is considered the prevailing party because the Court has decided the case in his favor.   Second, in the Motion, Plaintiff alleges that the Government's position was not substantially justified, and the Government has not opposed this representation.   As Defendant has not shown otherwise, the undersigned finds that Plaintiff has met his burden of showing a lack of substantial justification for the purposes of prevailing on the Motion.   Third, the Motion

was timely filed because Plaintiff moved for attorneys' fees within ninety days of the entry of judgment.  Fourth, Plaintiff has satisfied the net worth requirement because Plaintiff has stated via counsel that his net worth was less than two million dollars when the Complaint was filed.  ECF No. 17.  Finally, the undersigned does not find any special circumstances that make an award of fees unjust.  Accordingly, the undersigned finds that Plaintiff is entitled to a fee award under the EAJA.  Therefore, the undersigned finds that Plaintiff is entitled to recover fees $11,552.66, as well as reimbursement of the cost of filing in the amount of $405.00.

**<u>RECOMMENDATION</u>**

Based on the, it is hereby RECOMMENDED that Plaintiff's Unopposed Motion and for Attorneys' Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), ECF No. 17, is GRANTED. Plaintiff is entitled to recover fees $11,552.66, as well as reimbursement of the cost of filing in the amount of $405.00.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 16th day of April 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record